IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE GOODWYN JONES,<br>　　　　Plaintiff<br><br>　　v.<br><br>ALLEGHENY COLLEGE,<br>　　　　Defendant. | C.A. No. 13-272 Erie<br><br>Magistrate Judge Baxter |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

## I. INTRODUCTION

### A. Relevant Procedural History

Plaintiff brings this action against Defendant Allegheny College ("Allegheny") pursuant to the Title VII, 42 U.S.C. § 2000e, et seq., Title IX, 20 U.S.C. § 1681, et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq*. ("ADA"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq ("PHRA"). Specifically, Plaintiff claims that Allegheny discriminated against her on the basis of her gender, age, and disability during the term of her two-year contract as visiting professor in Allegheny's English Department from August 2008 to April 2010. As relief for her claims, Plaintiff seeks injunctive and declaratory relief, compensatory and punitive damages, and costs and attorney's fees.

On November 11, 2013, Allegheny filed a motion to dismiss counts II, VII, VIII, IX, and X of the complaint as untimely [ECF No. 6]. Plaintiff has since filed a brief in opposition to Allegheny's motion to dismiss [ECF No. 11], to which Allegheny has filed a reply brief [ECF No. 13]. This matter is now ripe for consideration.

---

[1] The parties have both consented to the jurisdiction of the United States Magistrate Judge (ECF Nos. 9, 12).

**B.     Relevant Factual History[2]**

Plaintiff is a female over the age of 40 who suffers from Adult Attention Deficit Disorder ("ADD") (ECF No. 1, Complaint, at ¶ 11). She is a professor of American Literature who previously achieved tenure at Allegheny in 1984 before moving on to the University of Florida, where she also obtained tenure (Id. at ¶ 7). In August 2008, Plaintiff rejoined the faculty at Allegheny as a visiting professor in the English Department, without tenure, pursuant to a two-year contract (Id. at ¶ 12). At the time, the Dean of the Faculty allegedly represented to Plaintiff that her contract was renewable (Id. at ¶ 13).

Shortly after rejoining the faculty at Allegheny, Plaintiff tripped on a faulty step while climbing the stairs to her third-floor office, and was "severely injured," although Plaintiff does not specify the injuries suffered (Id. at ¶ 17). While recovering from her injuries, Plaintiff was forced to climb the steps to her third-floor office, first on crutches and then in a walking cast, because there was no elevator in the office building and no other accommodations were provided (Id. at ¶¶ 17-19). In the meantime, Plaintiff alleges that a "significantly younger untenured faculty member in the English Department" had her work and meeting space moved from the second floor to the first floor to accommodate injuries she suffered that were similar to Plaintiff's (Id. at ¶ 21).

Also soon after rejoining the Allegheny faculty, Plaintiff informed the chair of the English Department of her ADD diagnosis, and noted that Allegheny's health insurance did not cover her prescription medication (Id. at ¶¶ 22-23). Later, at a private meeting with the Dean of

---

[2] The factual history set forth herein is derived from the allegations of the complaint, which are accepted as true for the purpose of determining Defendant's motion to dismiss, to the extent they are well-pleaded. Erickson v. Pardus,

Faculty during the winter of 2008-2009, Plaintiff informed the Dean of her ADD diagnosis and the problem she was experiencing with obtaining insurance coverage for her prescription medication (Id. at ¶ 25). The Dean referred Plaintiff to the Director of Human Services regarding the issue of insurance coverage (Id at ¶ 26). Plaintiff also informed the Associate Dean of her ADD diagnosis (Id. at ¶ 27). Plaintiff alleges that despite having informed the department chair, two deans, and the Director of Human Services of her ADD diagnosis, no reasonable accommodation for her condition was received until after she was informed in January 2010 that her contract would not be renewed (Id at ¶¶ 29-30). Because she did not receive a contract extension, her contract expired in April 2010 (Id. at ¶ 33).

### C. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp.,

---

551 U.S. 89, 93-94 (2007).

394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

**D.     Discussion**

**1.     Count II – Title IX Gender Discrimination Claim**

Plaintiff claims that she was subjected to gender discrimination in violation of Title IX during her employment from August 2008 to April 2010 and in connection with the non-renewal of her contract in or around April 2010. Allegheny argues that this claim is untimely and should be dismissed.

A lawsuit claiming gender discrimination under Title IX must be filed within two years of the date of the alleged discrimination. See Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 77-78 (3d Cir. 1989) (holding that Title IX claims are governed by Pennsylvania's two-year statute of limitations for personal injury claims). Here, the latest date on which Plaintiff may allege that discrimination occurred is April 2010, more than three years prior to the filing of the instant lawsuit on September 9, 2013. Although Plaintiff attempts to argue that the continuing violation doctrine should be applied to bring Allegheny's conduct within the applicable limitations period, her complaint is devoid of any allegations of discrimination that could be characterized as continuing in nature. The decision not to renew Plaintiff's contract occurred in January 2010 and took effect ultimately upon the expiration of her contract in April 2010. This is a discrete act that gave rise to Plaintiff's claim here. See AMTRAK v. Morgan, 536 U.S. 101, 113 (2002) ("[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'"). Thus, the Court finds that Plaintiff's Title IX claim is untimely and should be dismissed.

**2.     Counts VII, VIII, IX, and X – PHRA Claims**

Plaintiff raises PHRA claims of gender discrimination (Count VII), age discrimination (Count VIII), and disability discrimination (Counts IX and X). Under the PHRA, a civil action must be brought within two years after the date of notice from the Pennsylvania Human

Relations Commission ("PHRC") closing the administrative complaint. 43 P.S. § 962(c)(2); see also Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 469 (3d Cir. 2001); Kenawell v. DuBois Business College, Inc., 2008 WL 768139 at *3 (W.D.Pa. Mar. 20, 2008).

Here, the PHRC sent notice that it was closing Plaintiff's administrative complaint on August 12, 2011 (See ECF No. 7-1).[3] Thus, Plaintiff was required to file her PHRA claims on or before August 12, 2013. She failed to do so, as the complaint in this case was not filed until September 9, 2013. Nonetheless, Plaintiff contends that, since the PHRA claims arose from the "same nucleus of operative facts as her federal claims," the PHRA statute of limitations should be equitably tolled while her federal claims were being reviewed administratively. In support of this contention, Plaintiff cites a number of cases that are inapplicable to the present case. In particular, the principal case cited by Plaintiff, Hutchings v. Erie City and County Library Bd. of Directors, 516 F.Supp. 1265 (W.D. Pa. 1981), upheld the tolling of the statute of limitations on the plaintiff's federal discrimination claims under 42 U.S.C. § 1983, during the administrative review of the same claims brought under the Rehabilitation Act of 1973. The second case cited by Plaintiff, Kellam v. Independence Charter School, 735 F.Supp.2d 248 (E.D.Pa. 2010), considered whether the 180-day PHRA administrative filing period should be equitably tolled when employment discrimination claims are dually filed with the EEOC and PHRC. Neither of these circumstances is present in this case. The remaining cases cited by Plaintiff do not even address statute of limitations issues. See Pergine v. Penmark Mgmt. Co., Inc., 314 F.Supp. 486,

---

[3] In her opposition brief, Plaintiff objects to Defendant's attachment of a copy of the notice as an exhibit to its brief and argues that the Court should disregard it because the document is outside the pleadings. (ECF No. 11, Plaintiff's opposition brief, at p. 5). The Third Circuit has recognized, however, that courts may consider documents outside the complaint if they are referred to in the complaint or are otherwise central to the plaintiff's claims. Pryor v. NCAA, 288 F.3d 548, 559-60 (3d Cir. 2002); Rogan v. Giant Eagle, Inc., 113 F.Supp.2d 777, 780-81 (W.D.Pa. 2000), aff'd 276 F.3d 579 (3d Cir. 2001). In fact, the Court in Morrison v. National City Home Loan Service, Inc., 2007 WL 4322329 (W.D.Pa. Dec. 7, 2007), considered the precise issue presented here and determined that a Notice of Rights letter from the PHRC attached to the defendant's brief in support of its motion to dismiss could be considered by the court without converting the motion to one for summary judgment, finding that "[n]ot only has plaintiff referred to the PHRC filing in her complaint but it is clearly central to her claims and is of public record." Morrison at *2 n.1. The same holds true here.

490 n. 8 (E.D.Pa. 2004) (addressing the issue of exhaustion of PHRA's administrative remedies); Dilenno v. Goodwill Indus. Of Mid-Eastern Pa., Inc., 1997 WL 152799, at *2 (E.D.Pa. Mar. 27, 1997) (addressing supplemental jurisdiction over PHRA claims); and Craig v. Salamone, 1999 WL 615629, at *4 (E.D.Pa. Aug. 12, 1999) (same).

In Morrison v. National City Home Loan Serv., Inc., 2007 WL 4322329 (W.D.Pa. Dec. 7, 2007), a case directly on point, the Court observed that "Title VII has no bearing on the time period within which a claimant must file state law claims under the PHRA." Morrison, at *3, citing Burgh, 251 F.3d at 475. Thus, the Morrison court rejected Plaintiff's argument that her PHRA claims should be equitably tolled until the EEOC issued its right to sue letter on her federal claims. The same finding is applicable here. Accordingly, Defendants' motion to dismiss Plaintiff's PHRA claims as untimely will be granted.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANNE GOODWYN JONES, | ) | |
|---|---|---|
| Plaintiff | ) | C.A. No. 13-272 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| ALLEGHENY COLLEGE, | ) | |
| Defendant. | ) | |

# **ORDER**

AND NOW, this 1st day of July, 2014,

IT IS HEREBY ORDERED that Defendant's motion to dismiss Counts II, VII, VIII, IX, and X of Plaintiff's complaint [ECF No. 6] is GRANTED and said Counts are hereby DISMISSED.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge